1  ROBERT DAVID BAKER, INC.
   Robert David Baker, Esq. (87314)
2  80 South White Road
   San Jose, CA 95127
3  Telephone: (408) 251-3400
   Facsimile: (408) 251-3401
4  rbaker@rdblaw.net

5  Attorney for Plaintiffs
   ARMANDO SARMENTO;
6  MERCEDES TEJADA-URENA;
   JOSHUA SILVA

7

8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

12  ARMANDO SARMENTO; MERCEDES            | **CASE NUMBER:**
    TEJADA-URENA; JOSHUA SILVA, on behalf | **COMPLAINT FOR DAMAGES AND**
13  of themselves and those similarly situated | **DEMAND FOR JURY TRIAL:**
    individuals,                          | 1.) Violation of FLSA, section 207 (overtime
14                                        | wages);
                                          | 2.) Violation of California Labor Code § 510
15                                        | (overtime);
                                          | 3.) Violation of Labor Code §§ 226.7, 512 (meal
16             Plaintiffs,                | and rest breaks)
                  vs.                     | 4.) Violation of Labor Code § 201 (wages at
17  F&P, INC. - OVATION PAYROLL, LLC;     | termination)
    BUFFETS, LLC; THOMAS W. SUDBERRY,     | 5.) Failure to Provide Accurate Wage Statements
18  JR; F&P LLC; HOMETOWN BUFFETS;        | - Labor Code § 226
    VITANOVA BRANDS,                      | 6.) For Restitution of Unpaid Wages in Violation
19                                        | of California Unfair Trade Practices Act under
             Defendants.                  | Business and Professions Code §§ 17200, et seq.
20

21

22

23

24

25

26

27

28

                                    1

1    Plaintiffs Armando Sarmento, Mercedes Tajada-Urena, Joshua Silva (hereinafter,

2    "Plaintiffs") allege as follows:

3                            **JURISDICTION AND VENUE**

4    This action is brought pursuant to 29 U.S.C. §§ 201, et seq., and this court has jurisdiction

5    pursuant to 29 U.S.C. § 216(b) and the doctrines of pendent and supplemental jurisdiction.

6

7        1.      Plaintiffs are individuals who have their place of residence in the Northern District of

8    California;

9        2.      Defendants F&P LLC - Ovation Payroll, LLC; Buffets, LLC; Thomas W. Sudberry, Jr;

10   F&P LLC; Hometown Buffets; Vitanova Brands (collectively hereinafter, "Defendants") are business

11   entities operating in Northern California, and under the various names were the employers of

12   Defendants in the wrongful conduct hereinafter alleged. Plaintiffs are informed and believe that F&P

13   LLC is the alter ego of Defendant Thomas W. Sudberry, and that F&P LLC was formed, among other

14   reasons, to defraud workers like Plaintiffs by purportedly erecting a corporate shield to protect

15   Defendants' wrongful conduct, including but not limited to, the violation of State and Federal wage

16   laws. F&P LLC is not properly capitalized to respond in damages to workers' wage and hour

17   complaints, such as Plaintiffs herein. There is such a unity of interest between F&P LLC and Thomas

18   W. Sudberry that it would be unfair and inequitable to honor the corporate shield in the instant case

19   because the result would be to unjustly deprive Plaintiffs in this action of money lawfully owing to

20   them for their earnest labor, and such a result would be inequitable. There is a unity of interest and

21   ownership between F&P LLC and Thomas W. Sudberry such that the separate personalities of the

22   corporation and the individuals no longer exist, *inter alia*, to wit: money and assets are comingled

23   between Defendants and F&P LLC.; the formalities of the corporate structure are disregarded by

24   Defendants; the corporation acts as a conduit to avoid the payment of state and federal taxes, and

25   compulsory withholding for state and federal taxation purposes; Defendants otherwise ignore the

2

corporate separateness between themselves and F&P LLC, and; the corporation is set up, *inter alia*, as a shield to defraud its employees through its flagrant violation of California wage and hour laws;

3.      Plaintiffs are informed and believe that each employee, agent, or manager of Defendants personally participated, directed, authorized, and ratified the conduct set forth hereinafter. The conduct of those individuals was done in the course and scope of their agency and employment with Defendants and managers unknown were employers within the meaning of the FLSA;

4.      Plaintiffs allege that those present and former employees similarly situated to themselves were subject to a plan, scheme, and policy of Defendants to deprive them of their lawfully earned overtime compensation. The putative class is defined as those hourly, nonexempt "managers," waiters, and cooks, et al., who worked at Defendants buffet restaurants throughout Northern California;

5.      Plaintiff Armando Sarmento began working at Hometown Buffet, Southland Mall, Hayward, California within four years of the filing of this Complaint, and worked at Hometown Buffet until March 20, 220. Mercedes Tejada-Urena worked at the Southland Mall Hometown Buffet until July 2020. Jose Silva worked at the Southland Mall Hometown Buffet until October 2018;

6.      From on or after the date of their hire, Plaintiffs were required to work and did work in excess of eight hours per day and forty hours per week without the required overtime compensation;

7.      During their employment at Hometown Buffet, Plaintiffs were paid an hourly rate per hour;

8.      During all times relevant herein, Plaintiffs were denied meal breaks and rest breaks;

9.      During all times relevant herein, Plaintiffs were not exempt from overtime compensation pursuant to California or Federal law;

10.      Defendants conceived of a plan, scheme, and policy, whereby they would increase profits and gain competitiveness over similarly situated businesses by depriving Plaintiffs and other

similarly situated hourly workers of earned overtime compensation through the scheme described above, and Plaintiffs are bringing this action as a class action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), to redress this uniform plan, scheme, and company policy with respect to the failure to pay overtime and minimum wage compensation;

11.    Because Defendants did not provide its workers with complete and accurate time records for the days that they worked, Plaintiffs do not have precise calculations of their overtime compensation losses. However, notwithstanding the foregoing, each Plaintiff worked greater than forty hours per week during their employment with Hometown Buffet without overtime hours over 40 hours per week.

**FIRST CAUSE OF ACTION**
(Violation of Fair Labor Standards Act – Overtime Compensation
29 U.S.C. § 207)

12.    Plaintiffs incorporate paragraphs 1 through 11, inclusive, as if fully set forth herein;

13.    At all times relevant herein, Plaintiffs were covered pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. A. § 201, *et seq.* ("FLSA"). Defendants were employers within the meaning of the 29 U.S.C.A. § 203(d);

14.    29 U.S.C. § 207 requires all covered employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by law;

15.    Although Plaintiffs were not exempt from overtime compensation under the FLSA during their employment with Defendants, and although Defendants had full knowledge of their duty to pay overtime compensation to Plaintiffs, Defendants knowingly, through the scheme described above caused, suffered, and permitted Plaintiffs to regularly work in excess of forty hours per week without paying overtime wages, of one-and-one-half Plaintiffs' regular hourly rate of pay;

16.    By not paying overtime wages, Defendants violated Plaintiffs' rights under the FLSA;

4

17.     As a direct and proximate cause of Defendants' failure to pay overtime wages pursuant to the FLSA, Plaintiffs have incurred compensatory and economic damages in the form of lost overtime compensation;

18.     Defendants willfully and intentionally, and with reckless disregard of their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs their overtime compensation, and thus Defendants are liable to Plaintiffs for liquidated damages in an amount equal to their lost overtime wages pursuant to 29 U.S.C. §216(b);

19.     Plaintiffs have been compelled to retain an attorney to bring this action for relief and are entitled to an award of reasonable attorney fees pursuant to 29 U.S.C. §216(b). WHEREFORE, Plaintiffs pray for judgment as set forth below;

## SECOND CAUSE OF ACTION
(Violation of California Labor Code Sections 510- Non Payment of Overtime Premiums)

20.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1- 19 as if fully set forth herein;

21.     During the last four years from the filing of this complaint in the above-entitled action, Plaintiffs' employment was subject to California Labor Code Section 510, et. al, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which requires all covered employees to be paid overtime for work performed in excess of forty hours per week and/or eight hours per day, unless specifically exempted by the law;

22.     At all times relevant herein, Plaintiffs regularly worked in excess of forty hours per week and/or in excess of eight hours per day. Plaintiffs were not paid the required overtime premium;

5

23.     During the term of Plaintiffs' employment, Defendants knowingly and willfully caused, suffered and permitted Plaintiffs to regularly work in excess of forty hours per week and/or eight hours per day without paying them the required overtime rate;

24.     By not paying Plaintiffs overtime wages in compliance with California law, Defendants violated Plaintiffs' rights under the law, specifically California Labor Code Section 510;

25.     As a direct and proximate cause of Defendants' failure to pay Plaintiffs overtime wages under the California Labor Code and Wage Orders, Plaintiffs have incurred compensatory and economic damages in the form of lost overtime compensation in amounts to be proven at trial;

26.     Defendants were aware of the existence and requirements of the California Labor Code Section 510 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiffs the overtime compensation due them at Defendants' regular pay periods;

27.     Plaintiffs have been compelled to retain an attorney for the purpose of redress of the Labor Code violations and is entitled to an award of attorneys fees and pre-judgment interest pursuant to California Labor Code Section 1194(a), and other applicable Code sections;

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### THIRD CAUSE OF ACTION
(Meal and Rest Breaks
Labor Code §§ 226.7, 512)

28.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-27 as if fully stated herein;

29.     At all times relevant herein, Plaintiffs' employment with Defendants was governed by the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission;

30.     During the period four years prior to the filing of this complaint in the above-entitled matter, Plaintiffs routinely worked more than eight hours per day and over forty hours per week, yet

6

1  Defendants did not provide Plaintiffs meal breaks nor mandatory ten-minute rest breaks, and

2  compelled Plaintiffs to work through those meal and rest break periods;

3      31.    By requiring Plaintiffs to work through their mandated meal and rest breaks,

4  Defendants violated Plaintiffs' rights under Labor Code Section 226.7;

5

6      32.    As a direct and proximate cause of Defendants' failure to provide the mandated meal

7  and rest breaks under the California Labor Code and Wage Orders, Plaintiffs have incurred

8  compensatory damages in the form of lost meal and rest break premiums in amounts to be proven at

9  trial;

10     33.    Defendants were aware of the existence and requirements of California Labor Code

11 Sections 226.7 and 512 and the Wage Orders, and Defendants willfully, knowingly, and

12 intentionally failed to provide Plaintiffs with mandatory meal and rest breaks;

13

14     WHEREFORE, Plaintiffs pray for judgment as set forth below.

15                              **FOURTH CAUSE OF ACTION**
                              (Failure to Pay Wages Upon Termination
16                                  Labor Code §§ 201, 202, 203)

17     34.    Plaintiffs re-allege and incorporate those allegations of paragraphs 1-33, as if fully

18 stated herein;

19     35.    Defendants are subject to Labor Code Sections 201 and 202, which provide that upon

20
   discharge or layoff from employment, an employee is subject to immediate payment of wages due,
21
   and if an employee resigns, the employers must pay that employee all wages due within a reasonable
22

23 period of time, not to exceed 72 hours under Labor Code section 203;

24     36.    Defendants failed to make payment to Plaintiffs under these Labor Code sections;

25     37.    By not paying Plaintiffs pursuant to Labor Code sections 201-203, Defendants

26 violated Plaintiffs' rights under the Labor Code;

27

28

38.     As a direct and proximate cause of Defendants violation of the Labor Codes 201-203, Plaintiffs have incurred compensatory and economic damages in the form of lost wages, in an amount to be proven at trial;

39.     Defendants were aware of the existence of the requirement of payment of wages due upon separation of employment pursuant to the California Labor Code, and willfully, knowingly, and intentionally failed to pay Plaintiffs wages due upon separation of employment;

40.     Plaintiffs have been required to retain an attorney for the purposes of redress of the Labor Code violations set forth herein and is entitled to an award of attorney fees and pre-judgement interest pursuant to California Labor Code section 1194(a), and other applicable Labor Code sections.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### FIFTH CAUSE OF ACTION
(For Restitution of Unpaid Overtime Wages
In Violation of California's Unfair Trade Practices Act
Business and Profession Code Sections 17200, et seq.)

41.     Plaintiffs re-allege and incorporate those allegations of paragraphs 1-40, as if fully stated herein;

42.     At all times relevant herein, Plaintiffs' employment with Defendants was governed by the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission and the FLSA, which require all employees to be paid overtime for work performed in excess of forty hours per week/or eight hours per day unless specifically exempted by the law, and provided meal and rest breaks, minimum wages. Pursuant to the California Labor Code and Applicable Wage Orders;

43.     During the four years prior to filing tis complaint, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000 *et*

Complaint for Damages and Demand for Jury Trial

*seq.*). Defendants violated the Unfair Trade Practices Act, by <u>inter alia</u>, failure to pay Plaintiffs overtime wages and to provide meal and rest breaks;

44.     During the four years prior to filing this complaint, Defendants wrongfully obtained monies from Plaintiffs in the form of overtime wages, meal and rest break hours that inured to Plaintiffs. By doing so, Defendants violated the California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by the California Labor Code and applicable California Wage Orders, in order to give Defendants a competitive advantage over businesses with whom Defendants are in competition with, and who were in compliance with California's wage and hour laws;

45.     As a direct and proximate cause of Defendants statutory violations, the rights of the Plaintiffs under the law were violated, causing them to incur general damages in the form of unpaid and lost wages to which they were legally entitled;

46.     Defendants were aware of the existence and requirements of the state and federal wage and hour laws, and willfully, knowingly, intentionally, and fraudulently, violated those wage and hour laws, and the violation was willful, intentional, malicious, fraudulent, and done without regard for the health or welfare of Plaintiffs and therefore Plaintiffs seek an award of punitive damages to be determined at time of trial. Defendants failed to pay Plaintiffs overtime pay and provide meal and rest breaks. Plaintiffs herein seek restitution of such compensation pursuant to the Business and Professions Code §17203;

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against the Defendants and demand as follows:

1.     Award Plaintiffs economic and compensatory damages for unpaid overtime premiums, loss of meal, and rest breaks; and other pecuniary losses in amounts to be proven at trial;

9

2.     Award Plaintiffs pre-judgment interest of 10% on the amounts due under the California Labor Code;

3.     Award Plaintiffs liquidated damages according to the FLSA;

4.     Award Plaintiffs restitution of unpaid overtime compensation and meal and rest break premiums, inter alia, pursuant to California Business and Professions Code §17203 in amounts to be proven at trial;

5.     Award Plaintiffs compensation pursuant to Labor Code Section 201 - 203, for the failure of Defendants to make payment of wages due on separation of employment;

6.     Enter an order certifying this action as an FLSA collective class action based on the class of hourly nonexempt "managers," cashiers, and cooks, who worked for Defendants within the past three years at Defendants' food facilities, who are entitled to overtime compensation pursuant to 29 U.S.C. § 207;

7.     Enter a permanent injunctive order against Defendants ensuring compliance with the California Labor Code and Wage Orders and the FLSA;

8.     Enter an order decreeing Thomas W. Sudberry personally liable for all damages incurred by Plaintiffs;

9.     For reasonable attorney's fees pursuant to California Labor Code §1194(a) and the FLSA;

10.    Award Plaintiffs their costs of suit herein;

11.    Grant such other and further relief as this Court may deem appropriate.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL CAUSES**

Dated: November 10, 2020

**/S/**
Robert David Baker, Esq.

Complaint for Damages and Demand for Jury Trial